WO                                                                                          MD

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Billy Ray Johnson, | No.  CV 13-1434-PHX-GMS (JFM) |
| Petitioner, | |
| vs. | **ORDER** |
| Charles L. Ryan, et al., | |
| Respondents. | |

On July 16, 2013, Petitioner Billy Ray Johnson, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  In an Order dated September 3, 2013, the Court ordered Plaintiff to either pay the $5.00 filing fee or file a complete Application to Proceed *In Forma Pauperis*.  On September 20, 2013, Plaintiff filed an Application to Proceed (Doc. 5).  The Court will dismiss the Petition and this action.

**I.    Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00.  Accordingly, the Application to Proceed *In Forma Pauperis* will be granted.  *See* LRCiv 3.5(b).

**II.    Petition**

Petitioner challenges his loss of 60 days of early release credits ("ERC") for a disciplinary violation.  Petitioner names Charles Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.

JDDL

Petitioner raises one ground for relief.  Petitioner states that on June 18, 2013, he was found guilty in a disciplinary hearing for possession of contraband and lost 60 days' ERC.  Petitioner alleges that the sanction was in violation of the Ex Post Facto Clause of the United States Constitution and cites to *Lynce v. Mathis*, 519 U.S. 433 (1997).  Petitioner seeks to be released from prison.  Petitioner affirmatively alleges that he has not presented this claim to the Arizona Court of Appeals or the Arizona Supreme Court.

## III.   Failure to Exhaust State Remedies

To challenge disciplinary proceedings, a prisoner may seek federal habeas relief pursuant to 28 U.S.C. § 2254, which is the "exclusive vehicle" for a state prisoner to seek relief from an administrative decision in federal court.  *See White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004).  Before a federal court may grant habeas relief, however, a prisoner must first have exhausted remedies available in the state courts.  *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted.  *Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *Olvera v. Guirbino*, 371 F.3d 569, 572 (9th Cir. 2004) (district court may not consider a claim until petitioner has properly exhausted all available remedies).  When seeking habeas relief, the burden is on the habeas petitioner to show that he has properly exhausted each claim.  *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per curiam*).

To exhaust claims, a prisoner must give the state courts a "fair opportunity" to act on his claims.  *Castillo v. McFadden*, 370 F.3d 882 (9th Cir. 2004).  He must describe both the operative facts and the federal legal theory so that the state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon his constitutional claim."  *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003).  A prisoner seeking to exhaust claims in state court before filing a federal habeas action should diligently pursue his available state remedies to avoid application of the one-year limitation period.  *See Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004) (applying § 2244(d) to a habeas petition challenging a disciplinary order).

1    Petitioner affirmatively alleges that he has not exhausted state court remedies.  To

2  the extent that Petitioner may be challenging disciplinary proceedings that resulted in a

3  loss of ERC, Arizona's Administrative Review Act does not specifically authorize state

4  judicial review of prison disciplinary proceedings, but an inmate may seek such review

5  by bringing a special action in superior court.  *Rose v. Arizona Dep't of Corr.*, 804 P.2d

6  845, 847-50 (Ariz. Ct. App. 1991).  If unsuccessful, the inmate must then appeal the

7  superior court's ruling to the Arizona Court of Appeals to exhaust his claims before

8  seeking federal habeas relief.  *See Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir.

9  1999).

10    Because Petitioner has not exhausted his state court remedies, the Court will

11  dismiss the Petition and this action.

12  **IT IS ORDERED:**

13    (1)  Petitioners Application to Proceed *In Forma Pauperis* (Doc. 5) is **granted**.

14    (2)  The Petition (Doc. 1) and this action are **dismissed without prejudice** for

15  failure to exhaust state court remedies.

16    (3)  The Clerk of Court must close this case and enter judgment.

17    (4)  Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the

18  event Petitioner files an appeal, the Court declines to issue a certificate of appealability

19  because reasonable jurists would not find the Court's procedural ruling debatable.  *See*

20  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

21    Dated this 8th day of November, 2013.

G. Murray Snow
United States District Judge